1  TODD BLANCHE
   Deputy Attorney General
2  BILAL A. ESSAYLI
   First Assistant United States Attorney
3  ALEXANDER B. SCHWAB
   Assistant United States Attorney
4  Acting Chief, Criminal Division
   NANDOR F.R. KISS (Cal. Bar No. 299954)
5  Assistant United States Attorney
   Orange County Office
6      8000 United States Courthouse
       411 West Fourth Street
7      Santa Ana, California 92701
       Telephone: (714) 338-3539
8      E-mail:   nandor.kiss@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10

| | FILED |
| --- | --- |
| | CLERK, U.S. DISTRICT COURT |
| | 02/06/2026 |
| | CENTRAL DISTRICT OF CALIFORNIA |
| | BY: ____ JD ____ DEPUTY |

11                  UNITED STATES DISTRICT COURT

12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. 8:26-mj-00088-DUTY

14            Plaintiff,               GOVERNMENT'S NOTICE OF REQUEST
                                       FOR DETENTION
15            v.

16  DERRICK CALLELLA,

17            Defendant.

18

19      Plaintiff, United States of America, by and through its counsel

20  of record, hereby requests detention of defendant and gives notice of

21  the following material factors:

22              **REQUEST FOR DETENTION PENDING TRIAL**

23  ☐  1.   Temporary 10-day Detention Requested (18 U.S.C. § 3142(d))

24          to afford notice to appropriate court, parole/probation

25          officer, State law enforcement officers, or immigration

26          officials and allow them to take defendant into their

27          custody, on the following grounds:

28

☐    a.    the instant offense was committed while defendant was on — release pending trial for a felony, release pending sentencing, execution of sentence, or appeal of sentence or conviction, or probation or parole for any other offense; or

☐    b.    defendant is an alien not lawfully admitted for permanent residence; AND

☐    c.    defendant may flee OR pose a danger to another person or the community.

☒   2.    Pretrial Detention Requested (18 U.S.C. § 3142(e)) because no condition or combination of conditions will reasonably assure:

     ☒    a.    the appearance of the defendant as required; AND

     ☒    b.    safety of any other person and the community.

☐   3.    Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)(2),(3)) Because This Case Involves:

     ☐    a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

     ☐    b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

     ☐    c.    offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

2

1                2260, 2421, 2422, 2423 or 2425 (presumption of danger

2                to community and flight risk);

3   ☐   d.     defendant currently charged with an offense described

4                in Paragraph 4(a)—4(e) below, AND defendant was

5                previously convicted of an offense described in

6                Paragraph 4(a)—4(e) below (whether Federal or

7                State/local), AND that previous offense was committed

8                while defendant was on release pending trial, AND the

9                current offense was committed within five years of

10               conviction or release from prison on the above-

11               described previous conviction (presumption of danger

12               to community).

13 ☒   4.    Government Is Entitled To Detention Hearing Under

14         § 3142(f) Because This Case Involves:

15   ☐   a.    a crime of violence (as defined in 18 U.S.C.

16               § 3156(a)(4)) or Federal crime of terrorism (as

17               defined in 18 U.S.C. § 2332b(g)(5)(B)) for which

18               maximum sentence is 10 years' imprisonment or more;

19   ☐   b.    an offense for which maximum sentence is life

20               imprisonment or death;

21   ☐   c.    Title 21 or MDLEA offense for which maximum sentence

22               is 10 years' imprisonment or more;

23   ☐   d.    any felony if defendant has two or more convictions

24               for a crime described in subparagraphs (a)—(c) above

25               or for a state or local offense that would qualify

26               under (a), (b), or (c) if federal jurisdiction were

27               present, or a combination of such offenses;

28

☐ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒ f. serious risk defendant will flee;

☒ g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐ 5. Government requests continuance of ___ days (Note: showing of good cause required for more than 3 days) for detention hearing under § 3142(f) based on the following ground(s):

---

**REQUEST FOR DETENTION & REVOCATION OF PRE-TRIAL RELEASE**

☐ 6. Requesting Detention & Revocation of Pre-Trial Release pursuant to 18 U.S.C. § 3148 (see Fed. R. Crim. P. 40 re. out-of-district cases)[1] because:

☐ a. there is probable cause to believe that defendant has committed a Federal, State, or local crime while on release; OR

☐ b. there is clear and convincing evidence that defendant has violated any other condition of release;

---

[1] Rule 40 does not specify which statute governs detention requests involving pre-trial release violations committed by defendants who are charged in another district. The government submits that § 3148, not § 3142(e), should be applied because it is tailored for pre-trial release violations, is applied to defendants charged in this district, and will be applied in the charging district upon defendant's return to that district.

4

**AND**

☐   a.   no condition or combination of conditions will assure that defendant will not flee or pose a danger to the safety or any other person or the community; OR

☐   b.   the person is unlikely to abide by any condition or combination of conditions of release.

**REQUEST FOR DETENTION RE. VIOLATION OF PROBATION/SUPERVISED RELEASE**

☐   7.   Detention Requested Pending Supervised Release/Probation Revocation Hearing (see Fed. R. Crim. P. 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)(1)) because:

☐   a.   defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; AND/OR

☐   b.   defendant cannot establish by clear and convincing evidence that he/she will not flee.

Dated: February 6, 2026      Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

NANDOR F.R. KISS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA